UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

DONALD C. DARNELL

Case No. 23-11331
Honorable Shalina D. Kumar

**OPINION AND ORDER REMANDING MATTER TO BANKRUPTCY COURT FOR FURTHER PROCEEDINGS AND DENYING DEBTOR'S MOTION TO STRIKE (ECF NO. 9)**

## I.    Introduction

Appellant/Debtor Donald C. Darnell ("Darnell") appeals from the U.S. Bankruptcy Court for the Eastern District of Michigan's order granting the Chapter 7 Trustee's objections to Darnell's claim of exemptions. ECF Nos. 1, 5; *see* ECF No. 3, PageID.515. Appellee Mark H. Shapiro, Chapter 7 Trustee ("Trustee") and appellee creditor, the United States of America ("IRS") filed briefs, and Darnell filed a reply brief. ECF Nos. 6,7,8.

Based on the briefs and the record, the Court finds the matter sufficient for determination without a hearing. *See* E.D. Mich. LR 7.1(f); Fed. R. Bankr. P. 8012. For the reasons below, the Court remands this matter to the bankruptcy court for further proceedings to make the factual

determination of whether the property at issue, the membership interest in 8080 Grand, LLC, is entireties property.

## II.     Factual and Procedural Background

Darnell originally filed a voluntary petition under Chapter 11 of the Bankruptcy Code. ECF No. 5, PageID.533. Unable to confirm a plan under Chapter 11, Darnell voluntarily stipulated to convert the case to one under Chapter 7. *Id*. Darnell claimed an exemption for membership interests in 8080 Grand, LLC ("8080 Grand"), which he asserted were held with his wife as tenants by the entireties, from the bankruptcy estate under 11 U.S.C. § 522(b)(3)(B), M.C.L. 600.6023a, M.C.L. 450.4504(1), M.C.L. 450.4507, and Michigan common law. *Id*.

According to Darnell's statement of the case, the Trustee enumerated six objections to Darnell's claimed exemption for membership interests in 8080 Grand: (1) membership interest was not actually entireties property[1]; (2) 11 U.S.C. § 522(b)(3)(B) does not provide an independent basis for exemption from the bankruptcy estate; (3) M.C.L. 600.6023a only exempts entireties property that is real property or property expressly listed in M.C.L. 557.151, which LLC membership interests are not; (4) M.C.L. 450.4504(1)

---

[1] Trustee abandoned this objection but, as discussed further in this Opinion, now seeks to revive it.

does not protect property from judgment creditors in bankruptcy; (5) M.C.L. 450.4507 does not exempt membership interests from process; and (6) Michigan common law, namely *Sanford v. Bertram*, 169 N.W. 880 (1918), which holds that entireties property is protected from all but joint creditors, only applies to real property. *Id*. at PageID.534-36.

The Trustee agrees that Darnell's statement of the case is accurate but notes three omissions: (1) prior to the conversion of the case from a Chapter 11 proceeding to a Chapter 7 proceeding, several creditors objected to similar exemptions claimed by Darnell, and the bankruptcy court upheld those objections and denied Darnell's claimed exemption of the membership interest in 8080 Grand, *see In Re Darnell*, No. 22-41803 (Bankr. E.D. Mich.) (ECF No. 142); (2) Darnell ignores the IRS-specific argument that IRS claims supersede a debtor's claims of exemption; and (3) subsequent to the filing of this appeal, in connection with the Trustee's attempt to administer Darnell's interest in 8080 Grand, subpoenaed documents from Paul Grusche ("Grusche"), the other member of 8080 Grand, included an undated but fully executed version of the 8080 Grand operating agreement naming only Darnell, and not his wife, as the 50% member of 8080 Grand. ECF No. 6, PageID.823-24. At the later deposition of Grusche, he testified that he and Darnell were the only members of 8080

Grand and that the membership had not changed since its inception. *Id*. at 842.

The Trustee and the IRS believe the factual determination of whether the membership interest in 8080 Grand is or is not entireties property should precede this Court's review of the bankruptcy court's legal determination that the 8080 Grand membership interest is not exempt as entireties property. The Court agrees and remands the matter to the bankruptcy court for that factual determination.

### III.  Analysis

After Grusche produced and testified about the operating agreement revealing only Grusche and Darnell as members of 8080 Grand, the Trustee moved for relief pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b). ECF No. 400. The Trustee specifically requested an evidentiary hearing to elicit testimony from Darnell's wife as to her direct knowledge of any interest she may have in 8080 Grand and from Grusche regarding his deposition testimony about the 8080 Grand membership interests and operating agreement.

The bankruptcy court expressed concern that it lacked jurisdiction to entertain this motion because of the pending appeal before this Court. *See In Re Darnell,* No. 22-41803 (Bankr. E.D. Mich.) (ECF No. 145). The

Trustee directed the bankruptcy court's attention to Federal Rule of Bankruptcy Procedure 8008, which provides four options for a bankruptcy court that has been asked to consider a motion after an appeal has been filed. *Id*. In response to the bankruptcy court's questions about Rule 8008, the Trustee identified three of the Rule's options: (1) defer a ruling on the motion until after the appeal is resolved; (2) deny the motion; or (3) indicate it would grant the motion if the case were remanded to it. Under these circumstances, which the bankruptcy court described as "complicated," "confusing," and "difficult overall," it first indicated it would defer ruling on the Trustee's motion but then reconsidered and denied the motion without prejudice, stating "we'll wait to see what the district court decides and then we'll go from there." *Id.*

Notably, both the Trustee and the bankruptcy court failed to address a fourth option for a bankruptcy court lacking jurisdiction after the filing of an appeal: the bankruptcy court may state that the motion raises a substantial issue. Fed. R. Bankr. P. 8008(a)(3). If a bankruptcy court states that a motion filed before it raises a substantial issue, the district court may remand the case to the bankruptcy court for further proceedings while retaining jurisdiction. Fed. R. Bankr. P. 8008(c).

The bankruptcy court's obvious struggle over how to address a factual issue, which was raised after its legal ruling and would require an evidentiary hearing to resolve, suggests that the Trustee's motion indeed raises a substantial issue. Because resolving that factual issue may moot the legal issues before this Court on appeal, the Court finds that remanding this matter to the bankruptcy court for a factual determination on whether Darnell's 8080 Grand membership interest is entireties property serves the interest of judicial economy.[2]

## IV.   Conclusion

For these reasons, the Court **REMANDS** this matter to the bankruptcy court for further proceedings consistent with this opinion. The Court shall retain jurisdiction pending the bankruptcy court's decision on the Trustee's motion for relief. The parties must promptly notify the Court when the bankruptcy court has decided the motion on remand.

---

[2] Darnell moves to strike the portions of the Appellees' briefs addressing the need for further factual determination, arguing that the allegations therein are false and immaterial, and should be stricken from the record because they raise issues not raised in the lower court. ECF No. 9. As discussed, this matter was raised before the bankruptcy court and this Court has reviewed the audio recording of that hearing. The Court finds the issue raised by the Trustee and the IRS to be material and whether it is false is the crux of the factual determination the bankruptcy court must make on remand. The Court finds no basis to strike any portion of the Appellees' briefs and thus **DENIES** Darnell's motion to strike.

**IT IS SO ORDERED**.

Dated: September 30, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge